[Crim. No. 2116. Second Appellate District, Division One.—January 11, 1932.]

THE PEOPLE, Respondent, v. ERNEST LUTHER BERRY et al., Defendants; ROY V. TRIMBLE, Appellant.

R. E. Parsons for Appellant.

U. S. Webb, Attorney-General, and John· L. Flynn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted on six counts, being all of the counts of the information; three burglaries, two robberies and one grand theft. Also, it was charged that before the commission of said several offenses the defendant had been convicted of four other felonies, occurring severally in the states of Idaho, Colorado and Texas, and in California, and that he had served terms of imprisonment therefor. The defendant admitted the former conviction and imprisonment in California and denied the others. At the trial the· prosecution was unable to complete its proof of said former convictions not admitted, and particularly was unable to prove that this defendant served

any term of imprisonment under said alleged convictions in Idaho, Colorado and Texas or either of them. Accordingly the jury, in conformity with the court's instructions, found in favor of the defendant on said charges of former conviction.

The offenses charged in the information in the present case consisted of a burglary committed on the fourteenth day of December, 1930, and a robbery in connection therewith; a second burglary committed on the same day and the crime of robbery in connection therewith; and the crime of burglary committed on the twenty-ninth day of November, 1930, and the crime of grand theft in connection therewith. On conviction of these several crimes judgment was pronounced by the court, the several sentences to run concurrently. He appeals from the judgment and from the order denying his motion for a new trial.

The grounds for appeal are stated under four points, viz., "That it was prejudicial error to mark the gun and exhibit the same to the jury." "That the court erred in not permitting counsel to pursue the line of questions which would have tended to show the bias of the witness McGuire." "That the verdict was contrary to the law and the evidence." "That it was highly prejudicial and error to file the amended information against the defendant and appellant charging priors which could not be proved and established."

There is practically no merit in any of these points. ▮ (1) It does not appear that the amended information was not filed in good faith, or that it was not filed in expectation of proving the same. ▮ (2) There is abundant evidence directly sustaining the charge that each of the several crimes was committed and that the defendant was guilty thereof. ▮ (3) When the gun was produced in connection with the testimony of a witness, the testimony failed to identify it as a gun used in the commission of any of the offenses. The gun was not offered or admitted in evidence, and the defendant did not object when it was "marked for identification". Such marking is customary and appropriate in the course of a trial, not to bring the thing into the record as evidence, but merely to identify it as the very thing mentioned in the record and not at

that time admitted as evidence. There is no evidence that the act of the district attorney in bringing the gun before the court, and attempting to prove its use in the perpetration of the crimes was an act done in bad faith, or without expectation that the proof would be forthcoming. █

(4) The court did not err in sustaining the objection to certain questions asked on cross-examination of the witness McGuire. These questions were in the form of an inquiry as to whether or not the witness during the time of selection of the jury, every time the defendant's counsel excused a prospective venireman, made the remark, ''What to hell did he do that for?'' The contention of appellant is that the making of such remark, if established, would tend to show bias or prejudice of the witness. Thereafter and without objection counsel for defendant asked this question: ''Now, as a matter of fact, when I picked one of the ladies in the back row, didn't you make the remark that you would like to kick her off the jury?'' To which the defendant replied, ''No, I didn't make any such remark.'' No attempt was made by the defendant to prove that this answer was untrue. There was no abuse of discretion in the court's rulings on this subject.

There being no other stated grounds of appeal, and it appearing that the defendant was convicted upon sufficient evidence and after a fair trial, it seems clear that there is no merit in the appeals.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.